**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



FILED BY _____ D.C.

NOV 2 5 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |
|---|---|
| STUDIO JAMES BRAZIL LLC, | : |
| *Plaintiff,* | : |
| v. | : |
| RELATED URBAN CONST-RUCTION LLC; THE RELATED GROUP; LEGACY BUILDERS INTERNATIONAL, LLC; MICHELLE SPENCE JONES; and DESIREE FAULKNER | : |
| *Defendants.* | : |

CASE NO. 1:24-cv-23256

**FIRST AMENDED**
**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Studio James Brazil LLC ("Plaintiff" or "Studio James Brazil"), by and through the undersigned counsel, files its first amended complaint against Defendant Related Urban Construction LLC ("Defendant" or "Related Urban"), alleges as follows:

### I. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises in part under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court also has supplemental jurisdiction over all related state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy under Article III of the U.S. Constitution.

2. To the extent this Court determines that jurisdiction is proper under 28 U.S.C. § 1332, Plaintiff alleges complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) because Defendants Related Urban Construction LLC, Related Group, and Legacy Builders International



LLC regularly conduct business in this District, and a substantial part of the events or omissions giving rise to the claims occurred within Miami-Dade County, Florida.

4. Defendant Related Urban Construction LLC is a Florida limited liability company with its principal place of business in Miami, Florida. Defendant Related Group is a real estate development and investment firm headquartered in Miami, Florida, and exercises control over Related Urban. Defendant Legacy Builders International LLC, though now inactive, was organized and operated in North Miami, Florida, and engaged in the conduct alleged herein within this District. At all relevant times, Defendants acted with knowledge that the harm to Plaintiff would occur in this District.

5. Plaintiff Studio James Brazil LLC is a Florida limited liability company with its principal place of business in Miami-Dade County, Florida. Plaintiff performed substantial services for Defendants in this District, including but not limited to project design, bid scoring, site supervision, and stakeholder coordination related to the Liberty Roots Market and other projects described below.

## II. The Parties

6. Plaintiff, Studio James Brazil LLC ("Plaintiff" or "Studio James Brazil") is a Florida limited liability company with its principal place of business located in Miami-Dade County, Florida. Studio James Brazil provides design, brand development, and placemaking services to civic, cultural, and commercial clients throughout South Florida and beyond.

7. Defendant, Related Urban Construction LLC ("Related Urban") is a Florida limited liability company with its principal office located at 2850 Tigertail Avenue, Suite 800, Miami, Florida 33133. Related Urban is a wholly owned subsidiary or affiliated entity of Related Group, and at all times relevant acted as project manager or contracting agent for the Liberty Roots Market project and other publicly funded initiatives relevant to this Complaint.

8. Defendant, The Related Group ("Related Group" or "Related") is a Florida-based real estate development conglomerate with its principal place of business also located at 2850 Tigertail

Avenue, Suite 800, Miami, Florida 33133. Related Group exercises direct and indirect control over Related Urban, including oversight of operations, personnel, and project approvals. At all material times, Related held out its affiliated entities, including Related Urban and its contractors, as authorized to act on its behalf.

9.   Defendant, Legacy Builders International LLC ("Legacy Builders" or "Legacy") is a Florida limited liability company with its principal place of business formerly located at 435 NW 124th Street, North Miami, Florida 33168. Legacy Builders was administratively dissolved on September 27, 2024, but was an active Florida LLC during the time relevant to this Complaint. At all material times, Legacy was retained by Related Urban to serve as program manager or general contractor for the Liberty Roots Market project. Legacy subcontracted substantial portions of its work to Studio James Brazil without executing formal agreements or providing payment in full.

10.   Michelle Spence-Jones ("Spence-Jones") was at all material times a manager of Legacy Builders and directed Plaintiff's activities related to the Liberty Roots Market project. Spence-Jones is a former City of Miami Commissioner who leveraged her experience and political connections to secure control over community redevelopment projects. She now acts as a consultant to or principal of Legacy Builders and works closely with Related Urban and Related on public-private initiatives.

11.   Desiree Faulkner ("Faulkner") was, at various material times, employed by or contracted to Legacy Builders and/or Related Urban and served as the day-to-day project liaison for Studio James Brazil during its work on the Liberty Roots Market and other projects. Faulkner held herself out as an authorized representative of both Legacy and Related Urban, and made repeated assurances to Plaintiff regarding payment and continuation of work, despite internal misallocations and lack of formal approval.

12.   Upon information and belief, Faulkner used restricted public grant funds from unrelated donor accounts to compensate Plaintiff for portions of its work while attempting to obtain formal authorization of Plaintiff's position, ultimately misleading Plaintiff into continuing

performance under false pretenses. When the unauthorized funding mechanism was shut down, Plaintiff was abruptly terminated without payment for substantial services already rendered.

13. Defendants have since denied that any formal engagement existed and claim—falsely—that Plaintiff was volunteering its services, despite ample evidence to the contrary and internal representations by Faulkner and Spence-Jones to the effect that Plaintiff's work was authorized and compensated.

### III.  Factual Background

14. In or around early 2022, Defendants initiated a publicly funded redevelopment initiative in Miami-Dade County known as the Liberty Roots Market ("the Project"). The Project sought to support minority-owned businesses, cultural placemaking, and entrepreneurial development in Liberty City through a combination of physical activation, community programming, and visual storytelling.

15. Defendant Related Urban, acting as a subsidiary or affiliate of Defendant The Related Group, secured public and private funding to execute the Project and retained Legacy Builders International LLC ("Legacy Builders"), a minority-owned contractor operated by Michelle Spence-Jones, to oversee implementation.

16. Legacy Builders, in turn, subcontracted with Studio James Brazil LLC ("Plaintiff") to provide creative, cultural, and technical services central to the activation of the Soul District, as well as advise and consult on the Liberty Roots Market. These services included but were not limited to: brand identity, architectural and spatial layout, vendor engagement, signage, digital media, merchandise, graphic collateral, and cultural exhibition content.

17. In connection with this engagement, Plaintiff created a series of original, copyrightable works including digital illustrations, maps, branded iconography, typographic systems, murals, and public-facing design assets (collectively, the "Original Designs").

18. At all times, Plaintiff retained exclusive ownership and authorship rights in the Original Designs. Plaintiff never assigned, licensed, or otherwise transferred copyright ownership to any Defendant.

19. Plaintiff developed these works at its own expense in reliance on the direction, approval, and promises of payment made by representatives of Related Urban and Legacy Builders—including but not limited to Desiree Faulkner, who acted with apparent authority to authorize deliverables and direct continued work.

20. Desiree Faulkner, whose precise employer remains to be confirmed through discovery (but who reported either to Legacy Builders, Related Urban, or both), acted as Plaintiff's primary liaison and supervisor on the Project. She regularly approved creative drafts, set deadlines, coordinated site meetings, and communicated to Plaintiff that payment would be forthcoming once internal paperwork was finalized.

21. When formal budget authorization stalled, Faulkner misallocated grant funds from unrelated projects to make partial payments to Plaintiff. These payments, while irregular, were made with knowledge of and benefit to the Project, and ratified by Legacy Builders and Related Urban through continued acceptance and use of Plaintiff's services.

22. Throughout the period of engagement, Plaintiff's designs were publicly displayed by Defendants at the Project site and in promotional materials—including signage, social media, branded collateral, and merchandise—without any copyright notice, attribution, or license.

23. After communications ceased and payments stopped, Defendants continued to display and distribute Plaintiff's copyrighted works without authorization, license, or compensation. This includes the ongoing use of logos, visual branding, signage, and exhibits developed exclusively by Plaintiff.

24. Defendants' conduct constitutes willful copyright infringement under 17 U.S.C. §§ 501–505. Despite repeated demands to cease use and compensate Plaintiff, Defendants failed to remove the Original Designs or secure a license for continued use.



25. In addition to the Liberty Roots Market, Plaintiff performed work for Defendants on other related projects, including the Soul District, Soul of Miami Heritage Trail, and the Vince Fraser x Studio James Brazil Monument. These projects were directly connected to the Liberty Roots engagement and followed a similar pattern of verbal inducements, work approvals, informal payments, and subsequent denial of responsibility.

26. When questioned, Spence-Jones claimed Plaintiff had been working on a volunteer basis, and Related Group likewise disclaimed any obligation—despite clear documentary evidence that both entities benefited from Plaintiff's work and directed its performance through their agents.

27. As a result of the contradictory assertions by Related Urban, Legacy Builders, and The Related Group, Plaintiff was forced to bring this action against all Defendants, including the parent company, to secure redress for the unpaid compensation, copyright violations, and wrongful conduct that induced its performance.

28. Florida's wrongful acts doctrine permits recovery of attorney's fees and enhanced damages where a party is required to sue a third party to recover sums due by a contracting entity as a result of wrongful conduct. See *Mickle v. Dentplan USA, Inc.*, 719 So. 2d 285 (Fla. 4th DCA 1998).

29. Here, Defendants' collective acts—including false representations of authority, diversion of restricted funds, inducement of performance without proper authorization, and continued infringement—meet the standard for wrongful acts under Florida law.

### IV.  Counts

<u>Count One – Breach of Oral Agreement</u>
*(Against Legacy Builders International LLC and Related Urban Construction LLC)*

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29.

31. In or about early 2022, Plaintiff entered into an oral or implied-in-fact agreement with Legacy Builders and Related Urban to provide creative direction, project management, and design services for the publicly funded *Liberty Roots Market* project.



32. At all relevant times, Legacy Builders was the local program manager retained by Related Urban and acted as Related Urban's agent or subcontractor. Plaintiff's engagement was initiated and overseen by Michelle Spence-Jones and Desiree Faulkner, who held themselves out as authorized to approve Plaintiff's scope of work, budgets, and payments.

33. Under the oral agreement, Plaintiff was to be compensated for professional services rendered in connection with branding, community engagement, and physical activation of the Liberty Roots Market. Both Spence-Jones and Faulkner confirmed verbally and in writing that Plaintiff would be paid for work performed and that all hours and expenses were billable.

34. Plaintiff fully performed its obligations. From approximately February 2022 through the end of that year, Plaintiff produced deliverables that included brand identity systems, site plans, vendor coordination, design documentation, and public-facing creative materials, all accepted and used by Defendants.

35. Throughout 2022, Defendants made and accepted multiple partial payments to Plaintiff consistent with an ongoing paid relationship. These payments were issued through Legacy Builders and/or Related Urban and were often facilitated by Faulkner using project-related funds. On several occasions Defendants requested that Plaintiff submit new invoices reflecting work in progress and outstanding balances, further acknowledging the existence of a paid contract.

36. Plaintiff continued to perform in good faith after repeated assurances from Spence-Jones and Faulkner that "paperwork was forthcoming," and that any temporary budget delays were being resolved. Defendants' conduct—including partial payment, ongoing direction, and acceptance of work product—constituted clear and unequivocal recognition of an enforceable agreement.

37. In late 2022 and early 2023, Defendants ceased making payments but continued to accept Plaintiff's work and to publicly use its deliverables. They never informed Plaintiff that the engagement was considered "volunteer" work or that authorization for payment had been



withdrawn. Instead, Defendants remained silent and continued to request materials and revisions while accumulating additional unpaid balances.

38. Only after exhausting alternative internal funding sources—described by witnesses as "slush accounts" or off-budget allocations—did Defendants disavow the obligation to pay, falsely asserting that no formal contract existed. By that point, Plaintiff had completed its scope and issued final invoices that were acknowledged but never paid.

39. Defendants' course of conduct—requesting, directing, and accepting professional services while making partial payments and deferring remaining invoices—establishes the existence of a valid and enforceable contract. See *Integrated Tech. Corp. v. Mueller*, 45 So. 3d 563, 566 (Fla. 4th DCA 2010). ("A contract implied in fact is based on the parties' conduct which evidences their mutual assent.").

40. Defendants materially breached that agreement by failing and refusing to remit the remaining compensation due, estimated at $130,955.45, exclusive of interest and fees.

41. As a direct and proximate result of Defendants' breach, Plaintiff has suffered substantial damages including lost income, out-of-pocket expenses, and costs of collection, all within the reasonable contemplation of the parties at the time of contracting.

42. Plaintiff is entitled to recover those damages, plus prejudgment interest and any additional relief deemed appropriate by this Court. See *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85 (Fla. 2013) (oral contract enforceable where mutual assent and performance are established).

**WHEREFORE**, Plaintiff demands judgment against Defendants Legacy Builders International LLC and Related Urban Construction LLC, jointly and severally, for:

- Damages of $130,955.45 or such other amount proven at trial;

- Pre- and post-judgment interest;

- Costs of this action; and

- Such further relief as the Court deems just and proper.



<u>Count Two – Inducement</u>
*(Against Legacy Builders, Related Urban, and Michelle Spence-Jones)*

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21.

44. This is an action for fraudulent inducement under Florida law. At all material times, Plaintiff rendered services for the Liberty Roots Market project in reliance on knowingly false representations made by Defendants, including Legacy Builders International LLC, Related Urban Construction LLC, and Michelle Spence-Jones, that Plaintiff would be compensated for its work.

45. In or about early 2022, Michelle Spence-Jones, acting individually and as an officer of Legacy Builders, and as agent for Related Urban, represented to Plaintiff that Studio James Brazil would be paid for creative direction, branding, community programming, project management, and related services in connection with the Liberty Roots Market.

46. These representations were made during initial meetings, follow-up correspondence, and continuing conversations throughout the project. Spence-Jones, along with Desiree Faulkner, held themselves out as agents of the project managers and/or fund administrators with full authority to approve Plaintiff's work, scope, and compensation.

47. These Defendants further induced Plaintiff to begin performance immediately by referencing specific line items in the project budget and assuring Plaintiff that formal agreements were being processed. They provided access to project spaces, project management platforms, and event budgets, and encouraged Plaintiff to allocate time and resources in reliance on an imminent and binding formal agreement. Plaintiff also coordinated local community members and stakeholders for Related Urban's projects, acting as the outward facing liason to the residents.

48. At the time these representations were made, Defendants knew or should have known that (a) they lacked actual authority to finalize a paid agreement with Plaintiff, (b) project funding was contingent on internal approvals that had not been obtained, and (c) Plaintiff's work would be treated informally or paid from unrelated sources without proper documentation.

49. Despite these material limitations, Defendants affirmatively concealed their lack of authority and instead continued to make payments from alternate project funds or off-budget sources while re-affirming that full payment would be forthcoming. These actions created a false appearance of a valid engagement, when in fact no final contract had been executed and Defendants had no binding commitment to pay.

50. These false statements and omissions were made with the intent to induce Plaintiff's continued performance, including substantial investment of uncompensated time and intellectual property into the Liberty Roots Market brand and launch strategy.

51. Plaintiff reasonably relied on these representations, continuing work through late 2022 and submitting invoices at Defendants' direction. At no point did Defendants clarify that Plaintiff was allegedly acting in a volunteer capacity; to the contrary, Defendants requested new invoices and continued to issue partial payments for months after work began.

52. Plaintiff's reliance was not only reasonable but intentionally cultivated by Defendants' own conduct: payments were made, work product was reviewed and accepted, and Plaintiff was asked to continue delivering services under a shared understanding that full payment would follow.

53. When informal funding sources were later depleted and further payment requests required formal project sign-off, Defendants disavowed the agreement, claimed Plaintiff was never retained, and asserted that the services were performed on a volunteer basis—despite having directed, used, and benefited from Plaintiff's work for over a year.

54. As a direct and proximate result of Defendants' fraudulent inducement, Plaintiff has suffered economic loss, including lost compensation, internal costs, diverted staff time, and other consequential damages exceeding $130,000. These losses are distinct from breach of contract damages and arise from independent fraudulent conduct.

55. Plaintiff is entitled to recover all damages proximately caused by Defendants' fraudulent conduct, including costs, attorney's fees, and treble damages under Florida's wrongful act doctrine, as the fraud forced Plaintiff to initiate suit against a third party (Related Group) in



order to recover payment wrongfully withheld by its affiliated entities. See *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (fraudulent inducement claim requires showing of misrepresentation of material fact, knowledge of falsity, intent to induce reliance, and actual reliance to the plaintiff's detriment); *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489 (Fla. 4th DCA 2001) (fraudulent inducement actionable separately from breach of contract).

WHEREFORE, Plaintiff demands judgment against Defendants Legacy Builders International LLC, Related Urban Construction LLC, and Michelle Spence-Jones, jointly and severally, for:

- Compensatory damages in an amount to be determined at trial, not less than $130,000; \
- Treble damages under the wrongful act doctrine;
- Attorney's fees and costs;
- Pre- and post-judgment interest; and
- Such further relief as this Court deems just and appropriate.

<u>Count Three -Promissory Estoppel</u>
*(Against All Defendants)*

56. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21.

57. This is a claim for promissory estoppel under Florida law. In the alternative to breach of contract, Plaintiff alleges that Defendants made clear and definite promises of compensation that induced Plaintiff to act in justifiable reliance to its detriment.

58. Beginning in or around February 2022, and continuing through late 2022, Defendants, including Related Urban Construction LLC, Legacy Builders International LLC, Michelle Spence-Jones, and Desiree Faulkner, repeatedly promised that Plaintiff would be paid for its contributions to the Liberty Roots Market project.

59. These promises were not vague or aspirational; they were tied to specific project scopes, budgets, and deliverables. Plaintiff was asked to perform concrete services including



community engagement, project branding, sponsor coordination, and production of copyrighted work, and was told by Defendants that compensation was already in motion or forthcoming.

60. Defendants made these promises with the expectation and intention that Plaintiff would rely on them by continuing to work on the project and forgoing other paid opportunities.

61. Plaintiff in fact reasonably and foreseeably relied on these representations by expending substantial time, labor, and out-of-pocket costs to fulfill the project's needs—including intellectual property and branding work used in the public launch of Liberty Roots Market.

62. Defendants accepted the benefit of Plaintiff's performance, and even made partial payments using discretionary or off-budget allocations while confirming that formal compensation arrangements were being finalized.

63. In or about early 2023, Defendants repudiated these promises, asserting for the first time that Plaintiff was never retained and would not be paid. This was despite the fact that they had previously requested additional invoices and used Plaintiff's work product to further the Liberty Roots Market launch.

64. It would be inequitable to allow Defendants to retain the benefits of Plaintiff's services without compensation, after repeatedly promising payment and inducing performance in reliance on that promise.

65. As a direct and proximate result, Plaintiff has suffered economic damages exceeding $130,000, which it would not have incurred but for Defendants' promises and inducements. *See DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 96 (Fla. 2013); *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999) (promissory estoppel applies where promises are made and relied upon in the absence of a binding contract).

WHEREFORE, Plaintiff demands judgment for equitable relief and damages against all Defendants, jointly and severally, including:



-    Compensation for the reasonable value of services rendered in reliance on Defendants' promises;

-    Attorney's fees and costs pursuant to the wrongful act doctrine;

-    Treble damages where applicable; and

-    Any other relief this Court deems just and appropriate.

<u>Count Four – Quantum Meruit / Unjust Enrichment</u>
*(Against All Defendants)*

66.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21.

67.  In the alternative to contractual relief, Plaintiff asserts a claim for quantum meruit / unjust enrichment. Plaintiff conferred substantial and measurable benefits on Defendants, with the reasonable expectation of being compensated, and Defendants knowingly accepted those benefits.

68.  Plaintiff performed extensive creative, managerial, and community-facing work in connection with the Liberty Roots Market project, including:

a.   Design and branding assets;

b.   Project coordination and logistics;

c.   Event planning and sponsor interfacing;

d.   Licensing of original copyrighted works.

69.  These services were provided at Defendants' request and under their direction. Plaintiff was granted access to project infrastructure, included in budgetary planning conversations, and paid partially through alternative accounts while full funding was "processed."

70.  Defendants knowingly accepted the benefit of Plaintiff's performance and made use of Plaintiff's deliverables—particularly in launching Liberty Roots Market and securing additional support and media visibility for the project.



71. Defendants received the full value of these services and work product but failed to pay the remaining amounts due. Instead, they later attempted to recast Plaintiff's performance as "voluntary," despite all prior conduct and communications indicating otherwise.

72. Defendants' retention of these benefits without paying fair compensation is unjust, inequitable, and contrary to principles of good conscience. Defendants were enriched at Plaintiff's expense and should be required to make restitution.

73. Plaintiff estimates that the fair and reasonable value of the services conferred is no less than $130,000, including out-of-pocket expenses, staff hours, and use of original intellectual property. See *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999); *Comarr Farms, LLC v. Betts*, 198 So. 3d 799, 802 (Fla. 2d DCA 2016).

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally, for:

- o   The reasonable value of services conferred;
- o   Restitution and disgorgement of unjustly retained benefits;
- o   Attorney's fees and costs under the wrongful acts doctrine;
- o   Pre- and post-judgment interest; and
- o   Such other relief as this Court deems just and proper.

### Count Five – Copyright Infringement
*(Against All Defendants)*

74. Plaintiff realleges and incorporates by reference Paragraphs 1 through 121 as though fully set forth herein.

75. Plaintiff Studio James Brazil, LLC ("SJB") is the owner of the copyrights in a series of original works including but not limited to visual branding materials, signage designs, logo concepts, placemaking installations, graphic artworks, and promotional renderings created specifically for the Liberty Roots Market project (collectively, the "Original Designs").

76. These Original Designs were created by SJB as works made for hire or, alternatively, were authored and fixed in a tangible medium of expression by SJB and its principal, and constitute copyrightable subject matter under 17 U.S.C. § 102(a). The works were either registered with the U.S. Copyright Office or otherwise protected under 17 U.S.C. § 408(f) via preregistration or unpublished status.

77. At all relevant times, SJB has held exclusive rights to the Original Designs under 17 U.S.C. § 106, including the rights to reproduce, distribute, publicly display, and prepare derivative works based on those designs.

78. Defendants, including Related Urban Construction, LLC, Legacy Builders International, LLC, and The Related Group, without license, authorization, or consent, copied, displayed, distributed, and otherwise used the Original Designs in promotional materials, project branding, investor decks, and social media communications, including content tied to the Liberty Roots Market and affiliated programs.

79. These uses were not incidental or isolated. Rather, Defendants used the Original Designs as a central branding and placemaking element for the Liberty Roots project and represented them to stakeholders, donors, and government grantmakers as original to the project, even after they ceased compensating SJB.

80. Defendants were aware of Plaintiff's authorship and ownership of the Original Designs. Prior to ceasing payment, Defendants corresponded regularly with Plaintiff regarding design revisions, acknowledged receipt of invoices for design services, and made partial payments explicitly tied to deliverables that included copyrighted works.

81. By continuing to use the Original Designs after repudiating their agreement with Plaintiff and falsely asserting that Plaintiff was "volunteering," Defendants willfully infringed Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501.

82. Defendants' infringement was knowing, intentional, and malicious. Their refusal to cease use or provide proper credit or payment, combined with efforts to hide the funding source used to pay Plaintiff, reflects deliberate concealment and purposeful appropriation.

83. As a result of the foregoing, Plaintiff has suffered actual damages, including but not limited to lost licensing revenue, reputational harm, and the market value of the uncompensated uses.

84. Plaintiff is also entitled to recover all profits attributable to the infringement under 17 U.S.C. § 504(b), as well as statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c) and 505, to the extent applicable.

85. Plaintiff further seeks permanent injunctive relief under 17 U.S.C. § 502 prohibiting Defendants from continuing to use, distribute, or display the Original Designs or any derivatives thereof.

<u>Count Six – Negligent Misrepresentation and Special Damages Under The Wrongful Acts Doctrine</u>
*(Against All Defendants)*

86. Plaintiff realleges and incorporates by reference Paragraphs 1 through 143 as if fully set forth herein.

87. Florida courts recognize a "wrongful act doctrine" under which a plaintiff may recover special damages, including attorney's fees and costs, where the plaintiff was forced to bring suit against a third party as a direct result of the wrongful conduct of the defendant. See *T&H Builders, Inc. v. Page*, 522 So. 2d 921, 922 (Fla. 2d DCA 1988); *Horowitz v. Laske*, 855 So. 2d 169, 172 (Fla. 5th DCA 2003); *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1149 n.6 (Fla. 1985).

88. In this case, Defendants Related Urban Construction, LLC, The Related Group, and Legacy Builders International, LLC, acting individually and through their agents Michelle Spence-Jones and Desiree Faulkner, made numerous misrepresentations and omissions that induced

Plaintiff to continue performing work, without disclosure that the individuals making those promises lacked the actual authority to bind the Related entities.

89. These representations included, but were not limited to:

a.      That Plaintiff's work was fully authorized by the project principals, including, several team meetings that included Albert Milo, President, Related Urban, who gave specific feedback on Plaintiff's work; moreover, the Plaintiff was asked to prepare for and present to City of Miami elected and administration officials.

b.      That Plaintiff would be paid for all work performed, including invoices submitted and approved;

c.      That delay in payment was merely procedural, not indicative of non-payment;

d.      That Plaintiff's services were essential and integrated into the Liberty Roots Market launch plan.

90. At the time these representations were made, Michelle Spence-Jones was operating through Legacy Builders International, LLC—a company administratively dissolved and without apparent capitalization—purportedly under contract with Related Urban Construction, LLC to lead the Liberty Roots Market development.

91. Desiree Faulkner, meanwhile, served as a project liaison and financial coordinator, holding herself out as acting on behalf of either Related Urban or Legacy Builders, and was actively involved in receiving, processing, and paying Plaintiff's invoices using charitable donor funds allocated to unrelated community programs.

92. Plaintiff was never informed that its compensation was being drawn informally from those restricted funds, nor that any internal dispute existed regarding Plaintiff's engagement or its formal authorization status.

93. On the contrary, Plaintiff was repeatedly encouraged to "keep working," and was assured that invoices were being processed or queued for approval—statements that caused



Plaintiff to forgo other business opportunities and continue delivering design and production services at its own expense.

94. Only after these informal payments ceased and donor oversight increased did the Defendants begin to disavow the relationship, culminating in a refusal to pay the final balance owed—despite having accepted and used the full value of Plaintiff's work product in the branding and community launch of the Liberty Roots Market.

95. Plaintiff later learned that Spence-Jones was now taking the position that Plaintiff was "volunteering," a statement that is directly contradicted by written communications, prior payments, and detailed deliverables with timestamps, digital asset logs, and feedback cycles.

96. Defendants' misrepresentations and omissions constitute negligent misrepresentation under Florida law, as they were:

    a.    Made in the course of a business transaction;

    b.    Made without reasonable care as to their truth or authority;

    c.    Intended to induce reliance by Plaintiff;

    d.    Relied upon to Plaintiff's detriment, in the form of labor and materials provided without final compensation.

97. Defendants' conduct further constitutes a "wrongful act" that directly caused Plaintiff to sue The Related Group—a third party parent company—because Plaintiff was misled into believing that it was acting on the direction of an authorized agent of that parent.

98. Under the wrongful acts doctrine, Plaintiff is entitled to recover all attorneys' fees and costs associated with:

    a.    Litigating against The Related Group to enforce obligations that should have been honored by its subsidiary and its apparent agents;

    b.    Defending the legitimacy of Plaintiff's work and reputation;

    c.    Investigating the improper use of third-party funds to pay for deliverables that Defendants later claimed were volunteered.



99.  These facts are legally sufficient to pierce the corporate veil as necessary and to impose liability jointly and severally on Related Urban, The Related Group, and Legacy Builders, as well as any individuals who acted with knowledge, intent, or reckless disregard for the truth in inducing Plaintiff's continued performance.

100.    In addition, the Court should consider an award of treble damages or enhanced attorneys' fees and costs based on the Defendants' willful and deceptive conduct, their calculated use of restricted charitable funds to perpetuate a false impression of authorization, and their strategic disavowal of responsibility after benefiting from Plaintiff's intellectual property and labor.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff STUDIO JAMES BRAZIL LLC respectfully requests that this Court enter judgment in its favor and against all Defendants, jointly and severally, and award the following relief:

A.    Compensatory Damages in an amount to be determined at trial, but no less than $150,000.00, representing the reasonable value of Plaintiff's services, labor, materials, and intellectual property wrongfully used without full compensation;

B.    Restitution and Disgorgement of any benefits unjustly retained by Defendants as a result of their wrongful conduct, including all profits or funding received by Defendants in connection with Plaintiff's contributions to the Liberty Roots Market project; the Plaintiff's work were on display at the Defendants' Juneteenth media event, where the Jorge Perez charitable family trust made a $100,000 donation towards the project - this was the first public milestone promoted to press and neighborhood stekholders, and Defendans essentially phone it in while, apparently, relying on Plaintiff to do their work for them for free;

C.    Damages for Copyright Infringement, including actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504, and/or statutory damages under 17 U.S.C. § 504(c), together with injunctive relief under 17 U.S.C. § 502, as appropriate;



D.    Treble Damages and/or Enhanced Relief pursuant to Florida's wrongful acts doctrine and other applicable law, due to Defendants' willful misconduct, fraudulent inducement, and misuse of restricted donor funds to induce continued performance under false pretenses;

E.    Attorney's Fees and Costs, including but not limited to:

o    Fees and expenses incurred in prosecuting this action against Defendants under the wrongful acts doctrine;

o    Fees available under any statutory or contractual basis, including for prevailing parties under Fla. Stat. § 57.105 and 17 U.S.C. § 505;

o    Expert witness fees, consultant expenses, and litigation costs recoverable under applicable Florida or federal law;

F.    Pre-judgment and Post-judgment Interest at the maximum legal rate allowed by law, including under Fla. Stat. § 55.03;

G.    Declaratory and Injunctive Relief as appropriate to:

o    Establish Plaintiff's ownership and authorship of intellectual property used in the Liberty Roots Market project;

o    Prevent future use of Plaintiff's copyrighted works without permission or payment;

o    Enjoin any further misrepresentation regarding Plaintiff's role in the Liberty Roots Market project;

H.    Such other and further relief as the Court deems just, equitable, and proper under the circumstances.

Dated:  November  3, 2025

Respectfully submitted,

By: _____

Jose Regino Martinez, Jr.

FBN: 1018913

2941 SW 18th St
Miami, FL 33145-1915
Tel.: 786-316-6381
E-Mail: josemartinez2725@gmail.com
*Co-Counsel for Plaintiff Studio James Brazil, LLC*
By:
Mark Lesniak
*Pro Hac Vice To Be Filed*
228 Park Ave S #75988
NY, NY 10003
Tel.: (646) 369-6254
E-Mail: mark@yournewyorkcounsel.nyc

*Co-Counsel for Plaintiff Studio James Brazil, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served on all counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2) and Local Rule 5.1, either via transmission of Notices of Electronic Filing generated by CM/ECF or by any other authorized means for counsel not authorized to receive electronic filings.

By: _____
José Regino Martinez, Jr.
FBN: 1018913

## SERVICE LIST

1) Raúl J. Guerra, Esq., GUERRA LAW, P.A., 255 Alhambra Circle, Suite 630, Coral Gables, Florida 33134, E-Mail: raul@guerra.law, *Counsel for Defendant* - **Service via CM/ECF.**