**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:24-cv-23256-DPG/DSW**

**STUDIO JAMES BRAZIL LLC,**

**Plaintiff,**

**v.**

**RELATED URBAN CONSTRUCTION LLC,**

**Defendant.**
______________________________________/

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court on Defendant Related Urban Construction LLC's ("RUCL") Motion for Summary Judgment ("Motion") and supporting Statement of Undisputed Material Facts ("SOF"). [ECF Nos. 35, 36].[1] Plaintiff Studio James Brazil LLC ("Plaintiff") opposed RUCL's Motion and filed supporting exhibits, a response to RUCL's SOF, and its own statement of additional material facts. [ECF Nos. 93, 94, 95]. RUCL filed a Reply in support of its Motion and a response to Plaintiff's statement of additional material facts. [ECF Nos. 98, 100]. For the reasons below, the undersigned respectfully **RECOMMENDS** that RUCL's Motion be **GRANTED** as set forth below.

[1] This case was referred by the Honorable Darrin P. Gayles for ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 52].

## I. BACKGROUND

This action stems from services that Plaintiff, an architecture and design studio, allegedly performed for Defendant, RUCL, a general contractor and affiliate of the Related Group, in connection with several projects in Liberty City, Florida. *See generally* [ECF No. 1].

Specifically, Plaintiff alleges that, beginning in August 2021, RUCL engaged Plaintiff along with non-party Urban GreenWorks to design, build, and operate the "Liberty Roots Market," [*Id.* ¶ 18], and after Urban GreenWorks left the project, RUCL authorized Plaintiff to continue working. [*Id.* ¶ 22]. According to Plaintiff, it worked with RUCL employees on the project [*Id.* ¶¶ 15, 19, 20, 24], submitted time records for the services provided, and received payment for its work through January 2022. [*Id.* ¶ 27]. Plaintiff claims that it continued performing work on the Liberty Roots Market project through June 2022, delivered all requested deliverables, and expected payment for outstanding invoices. [*Id.* ¶¶ 28–31]. Plaintiff also asserts that it created original visual designs for the Liberty Roots Market project, for which it obtained federal copyright registrations, and RUCL has displayed and continues to display those designs without authorization. [*Id.* ¶¶ 32–35].

In addition to the Liberty Roots Market project, Plaintiff claims that it worked with RUCL employees and provided services for RUCL for two additional projects: the "Soul District" project in October 2021 and the "Monument Project" in November 2021. [*Id.* ¶¶ 36, 38–39, 42–44]. Plaintiff also claims that it worked with RUCL and its employees on the "Vince Fraser x Studio James Brazil Monument" ("Vince Fraser Monument") starting in November 2021 through March 2022, when it completed the project and submitted the requested designs to RUCL. [*Id.* ¶¶ 42–45].[2] Finally, Plaintiff alleges that, in June 2022, RUCL asked Plaintiff to prepare a proposal for

[2] According to Plaintiff, RUCL also required Plaintiff to pay an individual named Vince Fraser on its behalf, Plaintiff did so, and RUCL never reimbursed Plaintiff as promised. [*Id.* ¶¶ 46–47].

the "Soul of Miami Heritage Trail Local Support Grant" ("Local Support Grant"), and it promised Plaintiff a twenty-percent commission if the grant application was successful. [*Id.* ¶¶ 50-53]. Plaintiff alleges that the RUCL received a $1.5 million Local Support Grant, entitling Plaintiff to a $300,000 commission. [*Id.* ¶¶ 50–54, 67–71].

Plaintiff sued RUCL for breach of contract (Count I-IV) based on Defendant's alleged failure to pay for the services provided and copyright infringement (Count V) for Defendant's alleged unauthorized use of its visual design work for the Liberty Roots Market project. [*Id.* ¶¶ 55–81]. As to the breach of contract claims, RUCL denies that it contracted with Plaintiff or that Plaintiff performed any services for RUCL's direct benefit. *See generally* [ECF No. 23]. RUCL affirmatively asserts as its Second Affirmative Defense that it is not a proper party to this litigation. [*Id.* at 7]. RUCL further denies unauthorized use of Plaintiff's design work and asserts that Plaintiff's copyright claim is barred by the First Sale Doctrine. *See generally* [*Id.*]. RUCL moves for summary judgment contending that, based on the undisputed material facts, it is entitled to summary judgment as a matter of law on all claims. [ECF No. 35].

## II. LEGAL STANDARD

Summary judgment is appropriate only where the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence and make any factual inferences from the evidence in the light most favorable to the non-movant. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263–64 (11th Cir. 2010). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1316 (11th Cir. 2012) (quotations omitted).

The movant bears the initial burden to demonstrate to the court the basis for its motion for summary judgment and identify those portions of the pleadings which it believes show an absence of any genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). The movant meets this burden by showing that the non-moving party has failed to present appropriate evidence in support of an element of the case on which the non-moving party bears the burden of proof at trial. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). The burden then shifts to the non-movant to establish, by going beyond the pleadings, that a genuine issue of material fact exists. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995). "A mere scintilla of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment." *Garczynski v. Bradshaw,* 573 F.3d 1158, 1165 (11th Cir. 2009) (quotations omitted).

## III. THE FACTUAL RECORD ON SUMMARY JUDGMENT

Local Rule 56.l(a) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate…Statement of Material Facts…" which "shall list the material facts that the movant contends are not genuinely disputed." S.D. Fla. L.R. 56.l(a)(l). An

opposing Statement of Material Facts "shall correspond with the order and paragraph numbering format used by the movant, but shall not repeat the text of the movant's paragraphs." S.D. Fla. L.R. 56.1(b)(2)(A). The opponent's Statements of Material Facts "shall use, as the very first word in each paragraph-by-paragraph response, the word "disputed" or "undisputed." S.D. Fla. L.R. 56.1(b)(2)(B). Any evidentiary citations supporting the opponent's position that a material fact is in dispute "must be limited to evidence specific to that particular dispute." S.D. Fla. L.R. 56.1(c)(2)(C).

Here, RUCL filed a Statement of Material Facts in support of its summary judgment motion. [ECF No. 36]. Plaintiff filed a Response to Defendant's Statement of Material Facts [ECF No. 93] and a Statement of Additional Material Facts [ECF N0. 95]. Plaintiff's response to RUCL's Statement of Material Facts, however, does not fully comply with Local Rule 56.1. Plaintiff used the term "admitted" instead of "undisputed" to indicate that it did not dispute a particular material fact. This non-compliance is not material, and this Court will deem the word "admitted" in Plaintiff's opposing statements of fact to mean "undisputed." More materially, however, Plaintiff failed to adequately dispute Paragraph 23 and failed to respond at all to Paragraphs 32-39 of RUCL's Statement of Material Facts, which relate to Plaintiff's copyright infringement claim.

## IV. UNDISPUTED MATERIAL FACTS

### A. Breach of Contract Claim

Defendant RUCL is an affiliate of The Related Group. [ECF No. 93 ¶ 24]. RUCL was first organized as a Florida limited liability company on June 18, 2021. [*Id.* ¶ 4]. RUCL did not have a general contractor's license and did not formally begin operations as a corporate entity until February 15, 2022. [*Id.*].

Plaintiff alleges that, beginning in August 2021 through November 2021, it contracted with RUCL to provide services in connection with the Liberty City projects and also alleges that in June 2022 RUCL agreed to pay Plaintiff a commission for preparing a grant proposal. [ECF No. 93 ¶¶ 5–9, 13]. According to the Plaintiff, the "contract" that governs the parties' relationship consists of a statement of work, invoices, emails, and oral communications. [*Id.* ¶ 14]. RUCL, however, submitted the Declaration of Tony Del Pozzo, RUCL's Vice President and corporate representative, which states that RUCL did not enter into an oral or written contract with Plaintiff. [ECF No. 36 ¶¶ 6, 8, 10; ECF No. 36-1 ¶ 6]. RUCL's Statement of Material Facts, which is supported by multiple declarations, also states that RUCL did not receive a statement of work, invoices, or emails from Plaintiff establishing a contract; and that the individuals that Plaintiff allegedly communicated with did not work for, and had no authority to bind, RUCL to a contract. [ECF No. 36-1 ¶¶ 15–20].

Plaintiff did not submit any record evidence to sufficiently dispute these material facts. Plaintiff did not attach any written contracts to the Complaint. *See* [ECF No. 1].[3] The Declaration of James Brazil, dated December 29, 2025 [ECF No. 63], and the Supplemental Declaration of James Brazil [ECF No. 97] submitted by Plaintiff do not attach any evidence that establishes a contract with RUCL. Plaintiff's composite exhibits [ECF No. 96] do not contain any material terms of the alleged contract or any communications between the parties that evidence the existence of a contract or a mutual agreement to be bound by agreed-upon terms.

The record also establishes that other affiliates of the Related Group, not RUCL, received twenty-six invoices from Plaintiff totaling $52,363.33 between November 2021 and April 2022.

[3] Rather, Plaintiff attached to its Complaint Plaintiff's own billing records, which lack any contract terms or any evidence that the records were sent to RUCL and that RUCL agreed to pay them. *See* [ECF Nos. 1-1, 1-2, 1-3].

[ECF No. 93 ¶ 26]. Those invoices were paid in full, and, apart from those invoices, according to the undisputed record evidence, no other invoices were received by any RUCL or any other Related Group affiliate. [*Id.* ¶ 27]. As to Plaintiff's breach of contract claim in Count IV related to Plaintiff's commission for preparing a grant application, it is undisputed that RUCL did not apply for, and did not receive, the Local Support Grant. [*Id.* ¶¶ 12–13].

**B. Copyright Claim**

The material facts related to Plaintiff's copyright claim are undisputed. Plaintiff obtained copyright registrations for the designs it created for the Liberty Roots Market project. [ECF No. 93 ¶ 36; ECF No. 36-4]. The effective registration date for the asserted copyrighted works is February 28, 2024. [ECF No. 93 ¶ 38]. Pursuant to these copyright registrations, the first date of publication for each of the asserted copyrighted works is June 19, 2022. [*Id.* ¶ 37]. And, pursuant to Plaintiff's Complaint, the alleged infringement commenced on or about June 2022—before the effective date of registration. [*Id.* ¶ 39].[4]

In Paragraph 23 of its Statement of Material Facts, RUCL asserts "[a]t no time did RUCL, or any person or entity acting on behalf of RUCL, purchase, reproduce, or display the designs identified on paragraph 32 of Plaintiff's Complaint." [ECF No. 36 ¶ 23]. This statement is properly supported by the declaration of Tony Del Pozzo, RUCL's Vice President and corporate representative. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Cargo Airport Servs. USA, LLC v. Transcarga Int'l Airways, C.A., Inc.*, No. 17-20768-CIV, 2017 WL 4898292,

[4] The Complaint alleges that Plaintiff worked on the Liberty Roots Market Project "through June 2022" and "completed all deliverables for this project as of June 2022." [ECF No. 1 ¶¶ 29, 56].

at *2 (S.D. Fla. Oct. 27, 2017) ("An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his personal knowledge gained through the review of business records.").

In response, Plaintiff states, "Defendant and/or its affiliated entities utilized and displayed Plaintiff's designs and work product in connection with the Liberty Roots project," citing "*Composite Ex. C; Brazil Decl. ¶¶ 5–7.*" [EFC No. 93 ¶ 23]. (emphasis added). This response to Paragraph 23 of RUCL's Statement of Material Facts fails to adequately dispute RUCL's assertion supported by the sworn testimony of a knowledgeable witness that it did not use Plaintiff's copyright. Plaintiff's conclusory response that "Defendant *and/or* its affiliated entities" used the copyright does not clearly identify whether an affiliate displayed the designs on RUCL's behalf, or that an affiliate acted independently, and, therefore, does not create a genuine dispute of material fact. An affiliate's independent display would not controvert Paragraph 23 because corporate affiliation alone does not make one entity's conduct attributable to another. *See Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1074, 1077–79 (11th Cir. 2003) (affirming summary judgment and declining to attribute one affiliate's conduct to another absent an alter-ego or agency relationship).

Further, Plaintiff's citation to "Composite Exhibit C" fails to comply with Local Rule 56.1 as it does not provide a page number, date, ECF number, or other identifier. [ECF No. 94 ¶ 23]. All statements of material fact must be supported by citations to "specific, pinpoint references to particular parts of record material, including depositions, documents, electronically stored information, affidavits, stipulations…admissions, and interrogatory answer[s]" which "shall reference pages…of exhibits." S.D. Fla. L.R. 56.1(b)(1)(B). "When a material fact requires

specific evidentiary support, a general citation to an exhibit without a page number or pincite (*e.g.,* 'Smith Affidavit' or 'Jones Deposition' or 'Exhibit A') is non-compliant." *Id.*

Plaintiff also attempts to rely on documents it submitted with its Response to RUCL's Statement of Facts [ECF Nos. 96, 97] and its Statement of Additional Material Facts [ECF No. 95], which purport to create a genuine issue of fact as to RUCL's use of Plaintiff's copyright claim. These documents are relevant to Plaintiff's claim and are responsive to RUCL's discovery requests. Plaintiff, however, did not produce these documents in its initial disclosures or in response to RUCL's discovery requests. [ECF No. 41]. "[I]f a party fails to provide information…the party is not allowed to use that information…to supply evidence on a motion …unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[5] When considering whether such a failure is substantially justified or harmless, courts examine "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

As the non-disclosing party, Plaintiff has the burden to establish that its failures were "substantially justified or harmless." However, Plaintiff has not explained its failures to produce

[5] Federal Rule of Civil Procedure 37(c)(1) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This is a "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment. "The main purpose underlying sanctions in Rule 37(c)(1) is to prevent surprise and prejudice to the opposing party." *Cabrera v. Macy's Florida Stores, LLC*, No. 20-24173-CIV, 2021 WL 5566516, at *3 (S.D. Fla. Nov. 29, 2021) (citation omitted). "In determining whether the failure to disclose was justified or harmless, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

or identify the emails. [ECF No. 41, 59, 94]. Plaintiff offered them for the first time in opposition to RUCL's SOF without acknowledging its earlier failure to produce them. *Compare Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n*, 595 F.3d 1203, 1213 (11th Cir. 2010) (affirming exclusion under Rule 37 where party failed to disclose certain theories of recovery and damages in its answer, counterclaim, and initial interrogatory responses and failed to supplement its initial disclosures) *with Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-CV-1850-T-30TBM, 2017 WL 2172200, at *4 (M.D. Fla. Apr. 19, 2017) (finding exclusion excessive when no scheduling order or trial date were set).

Despite ample time to comply with Rule 26 and RUCL's discovery requests before the discovery deadline, Plaintiff failed to disclose or produce this evidence bearing directly on its copyright claim, depriving RUCL of timely notice and a meaningful opportunity to test or rebut such evidence.

Weighing all relevant considerations, the Court finds that Plaintiff's nondisclosure was neither substantially justified nor harmless and that the resulting prejudice cannot be cured by a sanction short of exclusion of Plaintiff's belated submission of evidence. Although courts consider whether lesser sanctions would suffice, "[w]hen lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those lesser sanctions." *People for the Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-CV-2899-T-36AAS, 2019 WL 8495846, at *13 (M.D. Fla. July 30, 2019). Reopening discovery at this late stage in the proceeding would impose additional expense and delay without adequately curing the prejudice. Accordingly, the Court will not consider Plaintiff's undisclosed evidence as to RUCL's alleged use of Plaintiff's copyrighted designs.

## V. DISCUSSION

### A. Defendant is Entitled to Summary Judgment on Plaintiff's Copyright Claim

The Court first addresses Count V, Plaintiff's copyright infringement claim and the underlying basis for this Court's jurisdiction. Plaintiff alleges that it created original designs for the Liberty Roots project, received federal copyright registrations for them, and RUCL has displayed these designs without permission or payment, infringing Plaintiff's copyright rights under sections 106 and 501 of the Copyright Act. [ECF No. 1 ¶¶ 32–35, 72–81]. In its Motion, RUCL advances two grounds in support of summary judgment: (1) Plaintiff cannot prove the elements of a copyright claim and (2) Plaintiff's copyright claim is barred by the first sale doctrine. [ECF No. 35 at 12–15].

The Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122…is an infringer of the copyright or right of the author." 17 U.S.C. § 501(a). Under Section 106 of the Act, an exclusive right includes the copyright owner's right "to display the copyrighted work publicly" § 106(5). To succeed on a claim of infringement under Section 106(5), a plaintiff must show two elements: (1) "ownership of the allegedly infringed material"; and (2) that the infringer "violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Gelsinger v. Armanity*, No. 25-23659-CIV, 2025 WL 4092598, at *2 (S.D. Fla. Dec. 4, 2025) (citations omitted).

Plaintiff's ownership of the registered copyright designs for the Liberty Roots Market project is undisputed. [ECF No. 93 ¶ 36; ECF No. 36-4]. Plaintiff, however, has failed to show that there is a genuine dispute of material fact as to RUCL's use of Plaintiff's copyrighted designs. There is no record evidence that the jury could consider to establish that RUCL or any employee, agent, or other person or entity acting on its behalf purchased, reproduced, or displayed Plaintiff's

designs. [ECF No. 36 ¶ 23; ECF No. 36-1 ¶ 8]. Paragraph 23 of RUCL's SOF denies that RUCL committed any conduct that would constitute infringement and is supported by the Declaration of Tony Del Pozzo. [ECF No. 36 ¶ 23]. Because Plaintiff failed to properly controvert Paragraph 23 of RUCL's SOF, the Court deems admitted for purposes of the Motion that neither RUCL nor any person acting on RUCL's behalf publicly displayed Plaintiff's designs. *See Jones v. Unity Behav. Health, LLC*, No. 20-14265, 2021 WL 5495578, at *1 (11th Cir. Nov. 23, 2021) ("Because [plaintiff]'s statement of disputed facts contained no pinpoint record citations, among other problems, the district court determined that it was deficient under Southern District of Florida Local Rule 56.1 and therefore deemed admitted the facts set forth in [defendant]'s statement of material facts"); *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302–03 (11th Cir. 2009); *see also Campbell v. Allstate Ins. Co.*, No. 2:19-CV-14270-RLR, 2021 WL 148735, at *3 (S.D. Fla. 2021) (noting that a party's failure to comply with Local Rule 56.1 could result in the Court striking the statement, granting relief to the opposing party, or other remedies the Court considers appropriate).

However, deeming Paragraph 23 admitted does not result in summary judgment by default. "[A]fter deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'" *Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir. 2008). The moving party still bears the burden of identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Mann*, 588 F.3d at 1302–03. This Court's review of the record and the Declaration of Tony Del Pozzo submitted by RUCL demonstrate that no record evidence creates a genuine dispute as to RUCL's alleged use of Plaintiff's copyrighted designs.

Because it is undisputed that neither RUCL nor anyone acting on its behalf purchased, reproduced, or displayed Plaintiff's copyrighted designs, Plaintiff cannot establish the infringing act on which its copyright claim rests: RUCL's unauthorized public display of those designs. No genuine dispute as to any material fact remains, and RUCL is entitled to judgment as a matter of law. Accordingly, the undersigned recommends that the Court grant summary judgment in RUCL's favor on Count V.[6]

Even if Plaintiff's copyright claim survived summary judgment, Defendant is entitled to summary judgment on Plaintiff's statutory damages claim. Plaintiff seeks statutory damages in the alternative to actual damages and RUCL's profits. [ECF No. 1, at 80–81.] "Section 504 of the Federal Copyright Act provides that a copyright owner may elect to recover (a) his actual damages and the infringer's profits, or (b) statutory damages." *Odom v. Navarro*, Case No. 09-cv-21480-UU, 2010 WL 11505459, at *6 (S.D. Fla. March 3, 2010) (citing 17 U.S.C. § 504(a)). "As a procedural matter, however, a copyright owner may not elect statutory damages if the infringement occurs prior to effective date of an unpublished work's copyright registration, 17 U.S.C. § 412(1), or any infringement of the copyright began after the first publication of the work and before the effective date of its registration, *unless* such registration is made within three months after the first publication of the work, 17 U.S.C. § 412(2)." *Id.* (citing *Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 850 (11th Cir. 1990) (emphasis in original)). "In other words, attorney's fees and statutory damages are not appropriate where the materials were not registered with the Copyright Office at the time the alleged infringement occurred." *Marketran, LLC v. Brooklyn*

[6] The Court again notes that Plaintiff fails to address RUCL's arguments regarding the first sale doctrine. *See* [ECF No. 93]. Here, RUCL bears the burden of proof to support its affirmative defense based on the first sale doctrine. Because RUCL sets forth no evidence and cites only to Plaintiff's Complaint, the undersigned will not rely on this ground in recommending that summary judgment be granted.

*Water Enterprises, Inc.*, Case No. 9:16-cv-81019-WPD, 2016 WL 8678548, at *3 (S.D. Fla. Aug. 31, 2016) (internal citations omitted).

The effective date of Plaintiff's copyright registrations is February 28, 2024. Pursuant to each of Plaintiff's asserted copyright registrations, the first date of publication for each of the copyrighted designs is June 19, 2022. [ECF No. 93 at ¶ 37]. The copyright registrations establish that the asserted designs were not registered within three (3) months of their first date of publication. [*Id.*] Because the undisputed facts establish that the alleged infringement commenced after first publication and before the effective date of registration, and because the works were not registered within three months after first publication, Plaintiff may not recover statutory damages or attorney's fees under 17 U.S.C. § 412. *See SCQuARE Intern., Ltd. v. BBDO Atlanta, Inc.*, 455 F. Supp. 2d 1347, 1369 (N.D. Ga. 2006) (denying summary judgment for plaintiff's claim for statutory damages, costs, and attorney's fees under the Copyright Act because plaintiff had not registered copyright at the time of the alleged infringement).

**B. This Court Should Maintain Supplemental Jurisdiction**

Federal courts are courts of limited jurisdiction. District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have supplemental jurisdiction over all other claims, including state-law claims, that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But supplemental jurisdiction is discretionary. A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Here, Count V, Plaintiff's copyright infringement claim, is the only federal claim

asserted in the Complaint. The undersigned has recommended granting RUCL's Motion as to Plaintiff's one federal claim for copyright infringement (Count V). If the District Court adopts the undersigned's recommendation, no claim within the Court's original federal question jurisdiction will remain.

"When all the federal claims have been eliminated before trial, the district court should dismiss the case, unless factors point strongly towards acceptance of supplemental jurisdiction over any remaining state law claim." *Telemax Entertainment, Inc. v. Telemundo Network, Inc.*, No. 04-20150-CIVGRAHAM, 2004 WL 3019373, at *3 (S.D. Fla. Dec. 16, 2004). "The Supreme Court has promulgated four factors for lower courts to consider when deciding whether to exercise supplemental jurisdiction after all the federal claims in the case have been dismissed. Courts must consider comity, convenience, fairness, and judicial economy." *Cross v. Johnson*, No. 23-CV-60393, 2024 WL 3293917, at *9 (S.D. Fla. June 18, 2024), *report and recommendation adopted,* No. 0:23-CV-60393, 2024 WL 3291127 (S.D. Fla. July 3, 2024) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725–726 (1966); *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 775 (11th Cir. 2016)). Taking into account the above factors, this Court recommends that the district court should maintain supplemental jurisdiction over this matter even if summary judgment is granted on the copyright claim. This case has been pending in the district court for nearly two years, discovery is complete, and the summary judgment ruling will likely fully dispose of the issues between the parties and thus promote judicial economy. *See Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1216 (S.D. Fla. 2021), *amended on reconsideration in part,* No. 21-CV-20862, 2022 WL 845468 (S.D. Fla. Mar. 22, 2022) ("Because of the amount of time and effort the Parties and the Court have expended in developing this case, judicial economy considerations weigh against dismissal.").

### C. Summary Judgment Should be Granted as to Counts I-IV Because Plaintiff's Breach of Contract Claims Fail as a Matter of Law

#### 1) Plaintiff's Breach of Contract Claims Fail Because No Contracts Existed

Under Florida law, a claim for breach of contract requires proof of: (1) the existence of a contract, (2) material breach of that contract, and (3) damages resulting therefrom. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). The Complaint alleges the existence of four contracts, characterized as consisting of "a statement of work, invoices, emails, and oral communications." [ECF No. 1 ¶¶ 55–72]. Specifically, Plaintiff alleges that RUCL engaged Plaintiff, that "RUCL employees"—Desiree Faulkner, Albert Milo, Jorge Sanz, Caroline Cozzi, and Jacquetta Colyer—authorized Plaintiff's work, and that RUCL failed to pay Plaintiff for that work.

Here, it is undisputed that the parties did not enter into any written or oral contract for the projects underlying Counts I through IV. [ECF No. 93 ¶¶ 6, 8, 10]. It is also undisputed that RUCL was first organized as a Florida limited liability company on June 18, 2021, and did not have a general contractor's license and did not formally begin operations as a corporate entity before February 15, 2022. [*Id.* ¶ 4]. Therefore, RUCL could not have contracted at the inception of the projects listed in the Complaint and in Plaintiff's summary judgment papers. The summary judgment record establishes—and Plaintiff concedes—that the individuals upon whom Plaintiff relied were not RUCL employees, contrary to the allegations in the Complaint. Plaintiff's admission defeats Plaintiff's pled theory that RUCL directly contracted with Plaintiff through its own employees. Because there was no contract, the breach of contract count fails as a matter of law.

**2) Plaintiff's New Theory of Agency through Apparent Authority is not Supported by the Allegations in the Complaint or Facts in Record**

In the interest of a complete analysis of Plaintiff's claims, the undersigned notes that, in response to Defendant's Motion, Plaintiff for the first time advances a different theory, contending that RUCL may be bound because certain non-employees acted with apparent authority. [ECF No. 94 at 6]. Plaintiff now contends that apparent authority applies because it performed work at the direction of individuals who, although not RUCL employees, represented themselves as "Related Urban" representatives and used associated email addresses in connection with the subject projects. [*Id*. at 6–7].

Under Florida law, apparent agency requires: "(a) representation by the purported principal; (b) reliance on that representation by a third party; and (c) a change in position by the third party in reliance on the representation." *Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 121 (Fla. 1995). The Complaint does not allege facts that RUCL, as the purported principal, made a representation to Plaintiff that non-employees possessed authority to enter contracts or bind RUCL. Rather, the Complaint alleges only that Plaintiff received "authorization," "instruction," and "direction" from certain individuals, [ECF 1 ¶¶ 22–23], whom Plaintiff then claimed were RUCL employees, but has since admitted were not.

Because the Complaint provides no notice of an apparent agency theory, the Court rejects this theory as untimely raised in Plaintiff's response to Defendant's Motion. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006) (rejecting new theory of liability raised in summary judgment briefing where the complaint provided "no notice" of it "whatsoever"); *see also Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) ("The district court correctly held that [the plaintiff's] new responsive theory at the summary-

judgment stage was too little, too late. It is the complaint that must give the defendant notice of what the plaintiff complains.").

Accordingly, Plaintiff has not created a genuine dispute that it had a contract with RUCL and may not amend its Complaint in a response to summary judgment by recasting the same facts as an apparent authority theory based on non-employees. RUCL is therefore entitled to summary judgment on Counts I through IV if the district court elects to exercise supplemental jurisdiction over those claims. *See Jiangmen Benlida Printed Circuit Co., Ltd. v. Circuitronix, LLC*, No. 21-60125-CIV, 2023 WL 6213698, at *4 (S.D. Fla. Sept. 25, 2023) (granting summary judgment and rejecting agency theories first raised in opposition where the complaint pleaded only direct contractual liability and gave no notice of vicarious liability).

**3) Plaintiff's Contract Claims Also Fail Because Plaintiff Failed to Establish Evidence of Damages**

A claim for breach of contract requires proof of damage resulting from an alleged breach. *See Vega*, 564 F.3d at 1272. For each breach of contract count, Plaintiff alleges Defendant materially breached the contract by failing to pay for work performed on the project at issue, despite timely submission of invoices and timesheets. [ECF No. 1 ¶¶ 57–58, 61–62, 65–66]. Plaintiff's initial disclosures also identified its contract damages as "unpaid invoices." *See* [ECF No. 93 ¶ 25]. Plaintiff does not dispute that it only issued twenty-six invoices during the relevant period and that all twenty-six invoices have been paid in full. [*Id.* ¶¶ 26–28]. With full payment of all invoices undisputed, Plaintiff cannot satisfy the damages element required to prove its breach of contract claims under its "unpaid invoices" theory alleged in its complaint and set forth in its initial disclosures.

Plaintiff attempts to circumvent this conclusion by asserting, in response to RUCL's SOF, that there is another basis for its contractual damages beyond unpaid invoices. [*Id.* ¶ 25].

Specifically, Plaintiff asserts that its damages also arise from "Defendant's acceptance and use of Plaintiff's work in connection with the Liberty Roots project." [*Id.*]. The Court finds Plaintiff's assertion unavailing. Plaintiff may not recast its theory for damages around an unpled legal theory premised on Plaintiff's work for the Liberty Roots project. To the extent that Plaintiff seeks contractual damages beyond unpaid invoices, such a theory had to be pled, timely disclosed, and supported by a damages computation pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff has satisfied none of these requirements.

Accordingly, Plaintiff cannot establish the damages element required for breach of contract at this juncture, and RUCL is entitled to summary judgment on Counts I–IV on this ground. The record provides an additional basis for summary judgment against Plaintiff on Count IV. Although Plaintiff's Complaint alleges that a $1.5 million grant was approved and funded, the undisputed facts establish that RUCL never applied for or received the grant. *See* [ECF No. 93 at ¶¶ 6, 8, 10]. Because the underlying grant does not exist, Plaintiff cannot establish the damages it claims—a $300,000 commission based on the purported $1.5 million award. Summary judgment is therefore warranted on this additional basis.

## VI. RECOMMENDATION

For all these reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Summary Judgment [ECF No. 35] be **GRANTED** as to Counts I-V.

## VII. OBJECTIONS

Within **five (5) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **five (5) days** of the objections. The parties are hereby notified that a failure to timely object

waives the right to challenge on appeal the district court's order based on unobjected to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers in Fort Lauderdale, Florida, on this 9th day of September 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Counsel of Record